IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ADAM L. KRISIAK and<br>ANGELA M. KRISIAK | : <br> : <br> : | CHAPTER 7 |
| Debtors | : | CASE NO. 5-19-01760 |
| ADAM L. KRISIAK | : <br> : | |
| PLAINTIFF | : | ADVERSARY NO._____ |
| VS. | : <br> : | |
| TRUMARK FINANCIAL<br>CREDIT UNION | : <br> : | |
| DEFENDANT. | : | |

**COMPLAINT FOR VIOLATIONS**
**OF THE AUTOMATIC STAY AND DISCHARGE INJUNCTION**

Plaintiff, Adam L. Krisiak ("Debtor"), through his undersigned counsel, hereby complains of Defendant, TruMark Financial Credit Union, and alleges as follows:

**PARTIES**

1. Plaintiff Adam L. Krisiak is the Debtor in the above-captioned case. This is a joint case with his wife, Angela M. Krisiak. The Debtor is an adult individual having an address of 53 South Church Street, Carbondale, PA 18407.

2. Upon information and belief, Defendant TruMark Financial Credit Union has an address of 335 Commerce Drive, PO Box 8127, Fort Washington, PA 19034.

**JURISDICTION AND VENUE**

3. This adversary proceeding is an action pursuant to Sections 524, 362 and 727 of the Bankruptcy Code and Part VII of the Federal Rules of Bankruptcy Procedure to recover damages.

4. This adversary proceeding arises under the Bankruptcy Code, and arises in and relates to the above-captioned Debtor that is pending under Chapter 13 of the

Bankruptcy Code in the United State Bankruptcy Court for the Middle District of Pennsylvania.

5. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. Section 157(b)(1) and (b)(2)(A).

6. Venue is proper in this district pursuant to 28 U.S.C. Section 1409.

## BACKGROUND

7. The above bankruptcy was commenced by the Debtor filing a Voluntary Petition for relief under Chapter 7 of the Bankruptcy Code on April 25, 2019.

8. Defendant TruMark Financial Credit Union is a creditor listed on the Debtor's schedules and placed on the official matrix. Accordingly, the Defendant received all of the notices and orders issued in this case. A copy of Schedule F is attached hereto as **Exhibit "A"** and incorporated herein by reference.

9. The Defendant is an unsecured creditor. The Debtor properly listed the balance as a debt on the schedules filed in his bankruptcy case. Accordingly, the Defendant received all applicable notices relating to the bankruptcy case. The Debtor did not receive any undelivered mail or notices that were addressed to Defendant.

10. The Debtor received a discharge of his pre-petition debts on August 12, 2019.

11. In blatant violation of the discharge injunction granted in this case under §727, Defendant TruMark Financial Credit Union filed a Civil Action Complaint on August 15, 2019 in the Lackawanna County Court of Common Pleas in an attempt to collect $21,596.55 from the Debtor. A copy of the Civil Action Complaint is attached hereto as **Exhibit "B"** and incorporated herein by reference.

2

## COUNT I – VIOLATIONS OF §362 AND §727 and DISCHARGE INJUNCTION

12. Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

13. Upon the filing of a petition under the Bankruptcy Code, an "Automatic Stay" becomes effective pursuant to 11 U.S.C. §362(a), which, inter alia, operates as a stay of any collection efforts by creditors against the debtor.

14. As a direct and proximate result of the Defendant's unlawful conduct, the Debtor has suffered great emotional distress, sleeplessness, and has been subjected to humiliation and embarrassment.

15. Section 362(k) provides in part that,

> An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

11 U.S.C. §362(k).

17. As set forth above, Defendant repeatedly and intentionally and/or recklessly, violated the automatic stay provided under 11 U.S.C. §362(a) and the discharge injunction under §727 after being repeatedly advised of the Plaintiff's bankruptcy. As such, Plaintiff is entitled to recover damages under §362(k).

18. Further, on August 12, 2019, the Debtor was granted a discharge of the Defendant's debt and all other dischargeable debts under 11 U.S.C. §727. Accordingly, all creditors, including Defendant, are enjoined from attempting to collect the discharged debt.

**WHEREFORE,** Plaintiff Adam L. Krisiak respectfully requests that the Court enter judgment:

a. granting judgment in favor of the Plaintiff against the Defendant for damages incurred by the violation of the "Automatic Stay" and Discharge Injunction in the amount of $10,000.00;

b. granting Plaintiff judgment for costs and attorney's fees;

c. granting Plaintiff judgment for punitive damages; and

d. granting such other and further relief as the Court deems just and proper.

**CONWAY LAW OFFICES, P.C.**

/s/ Mark J. Conway
MARK J. CONWAY, ESQ. (ID #59114)
502 S. Blakely Street
Dunmore, PA 18512
Phone – (570) 343-5350
Fax – (570) 343-5377

Counsel for Plaintiff

DATED: September 4, 2019