# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

| | | | |
|---|---|---|---|
| **ADAM LEE KRISIAK** | Debtor 1 | **Chapter:** | **7** |
| **ANGELA MARIE KRISIAK** | Debtor 2 | **Case No.:** | **5-19-bk-01760 RNO** |
| **ADAM L. KRISIAK** | | **Adversary No.:** | **5-19-ap-00097 RNO** |
| | Plaintiff(s) | **Document No.:** | **9** |
| vs. | | | |
| **TRUMARK FINANCIAL CREDIT UNION** | | **Nature of Proceeding:** | **Motion for Summary Judgment** |
| | Defendant(s) | | |

## OPINION[1]

Plaintiff filed an Adversary Complaint alleging Defendant violated the automatic stay and the discharge injunction. Subsequently, Defendant filed a Motion for Summary Judgment. For the reasons stated below, the Motion for Summary Judgment will be denied.

**I.　JURISDICTION**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(G), (I), & (J).

**II.　FACTS AND PROCEDURAL HISTORY**

On or about June 10, 2016, TruMark Financial Credit Union ("Defendant") made certain loans, advances, and extensions of credit to Adam L. Kriskiak ("Plaintiff") in the amount of $20,000 ("Loan") pursuant to a Closed-End Note, Disclosure, Loan and Security Agreement ("Note").

---

[1]　Drafted with the assistance of Timothy R. Powell, Esq., Law Clerk.

1

In or around May of 2016, prior to making the Loan, Defendant allegedly relocated its headquarters from 1000 Northbrook Dr., Trevose, PA 19053 ("1000 Northbrook") to 335 Commerce Dr., P.O. Box 8127, Fort Washington, PA 19034 ("335 Commerce"). However, Defendant still has a branch located at 1000 Northbrook.

On April 25, 2019, Plaintiff and his wife, Angela M. Krisiak (collectively, "Debtors"), filed their voluntary Chapter 7 bankruptcy petition (5:19-bk-01760-RNO). In their schedules, Debtors listed Defendant as an unsecured creditor with a mailing address of 1000 Northbrook. Subsequently, the Bankruptcy Noticing Center ("BNC") sent the Certificate of Notice of Debtors' bankruptcy filing ("Commencement Notice") to 1000 Northbrook.

On August 5, 2019, Defendant filed a Complaint ("State Court Complaint") in the Court of Common Pleas of Lackawanna County, Pennsylvania ("State Court Action") (Case No. 19-CV-4623) for the purpose of collecting the Loan. Defendant alleges it had no knowledge of Plaintiff's bankruptcy case at this point.

On August 12, 2019, Debtors received a discharge of some of their debts, including the Loan. The Final Decree was entered on the same day, and the Debtors' Chapter 7 bankruptcy case was closed. Again, the BNC sent the Certificate of Notice of Debtors' discharge ("Discharge Notice") to 1000 Northbrook.

On August 29, 2019, Debtors filed a Motion to Reopen their Chapter 7 bankruptcy case. Debtors wanted to reopen their bankruptcy case to file an adversary complaint against Defendant. The Court granted Debtors' Motion to Reopen on August 30, 2019.

On September 4, 2019, Plaintiff filed an Adversary Complaint ("Adversary Complaint") (5:19-ap-00097-RNO) alleging Defendant violated 11 U.S.C. §§ 362[2] and 727 by filing the State Court Complaint. The Adversary Complaint was served on Defendant at 1000 Northbrook and

---

[2] Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C.§ 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("Bankruptcy Code").

2

335 Commerce. On September 13, 2019, upon receiving service of the Adversary Complaint at 335 Commerce, Defendant withdrew the State Court Action with prejudice. Defendant alleges that its receipt of service of the Adversary Complaint was its first notice of Plaintiff's bankruptcy case. On October 3, 2019, Defendant filed its Answer ("Answer").

On January 15, 2020, Defendant filed a Motion for Summary Judgment ("Summary Judgment Motion"). Briefs have been filed in support of, and in opposition to, the Summary Judgment Motion. A trial date is to be determined by further order of the Court. The Summary Judgment Motion is now ripe for decision.

### III. DISCUSSION

#### A. Standard of Review to Decide a Motion for Summary Judgment Under Federal Rule Bankruptcy Procedure 7056.

Federal Rule of Bankruptcy Procedure ("FRBP") 7056 makes Federal Rule of Civil Procedure ("FRCP") 56 applicable in bankruptcy proceedings. Pursuant to FRCP 56, summary judgment is appropriate and shall be granted when the movant establishes that there is no genuine dispute of material fact and it is entitled to judgment as a matter of law. *Beard v. Banks*, 548 U.S. 521, 529, 126 S. Ct. 2572, 2578 (2006); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S. Ct. 2548, 2552 (1986); *Rosen v. Bezner*, 996 F.2d 1527, 1530 (3d Cir. 1993). At this stage, a court must not weigh the evidence or make a determination as to the truth of the matter but must instead decide if there is a genuine issue for trial. *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 2511 (1986)). In determining whether or not there is a genuine issue of material fact, "the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510; *Cliffs-Neddrill Turnkey Int'l-Oranjestad v. M/T Rich Duke*, 947 F.2d 83, 87 (3d Cir. 1991); *Felker v. Christine*, 796 F. Supp. 135, 138 (M.D. Pa. 1992).

When considering a motion for summary judgment, the court must draw all inferences in the light most favorable to the non-moving party. *Abramson v. William Paterson Coll. of N.J.*, 260 F.3d 265, 276 (3d Cir. 2001); *In re Eury*, 544 B.R. 563, 565 (Bankr. W.D. Pa. 2016). The initial burden of proof is on the movant to show that there is no dispute of material fact, which may be established by citing materials on the record such as "depositions, documents, affidavits, stipulations, admissions, and interrogatory answers." *In re Scalera*, 2013 WL 5963554, at *1 (Bankr. W.D. Pa. Nov. 8, 2013). Once the movant has satisfied its initial burden, the burden shifts to the non-moving party to show not merely "that there is some metaphysical doubt as to the material facts" but that there is a genuine issue for trial. *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 1776 (2007) (*citing Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S. Ct. 1348, 1355–56 (1986)). If there is a genuine issue of material fact, summary judgment must be denied.

Furthermore, the Federal Rules of Evidence ("FRE") apply to proceedings before United States Bankruptcy Judges. Fed. R. Evid. 1101(a); *In re Barnes*, 266 B.R. 397, 403 (8th Cir. BAP 2001). Pursuant to FRE 201, a court may take judicial notice of a fact that is not subject to reasonable dispute when it is either generally known or capable of being accurately and readily determined by sources whose accuracy cannot reasonably be questioned. *In re LandSource Communities Dev. LLC*, 485 B.R. 310, 315–16 (Bankr. D. Del. 2013) (*citing In re Indian Palms Assoc., Ltd.*, 61 F.3d 197, 205 (3d Cir. 1995)). Judicially noticed items may include, but are not limited to, documents from the adversary docket, the docket of the underlying bankruptcy proceeding, and the claims register of the underlying bankruptcy proceeding. *Id.* As such, I take judicial notice of documents filed in the Debtor's underlying bankruptcy case and in this adversary proceeding when considering the Summary Judgment Motion.

4

### B. Alleged Automatic Stay Violation.

The Adversary Complaint alleges that Defendant willfully violated the automatic stay imposed by § 362(a) because Defendant filed the State Court Complaint with knowledge of Plaintiff's bankruptcy filing. Plaintiff claims Defendant had knowledge of his bankruptcy filing because he listed Defendant in his bankruptcy schedules and because he never received any undeliverable mail or notices that were addressed to Defendant. Plaintiff further argues that this alleged willful violation entitles him to actual and punitive damages pursuant to § 362(k). Defendant denies these allegations.

One of the hallmarks of bankruptcy protection is the automatic stay. *In re Thomas*, 529 B.R. 628, 635 (Bankr. W.D. Pa. 2015). Generally, § 362(a) of the Bankruptcy Code protects a debtor from creditors' actions, including:

> the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

If a creditor violates the automatic stay, § 362(k)(1) provides that an individual debtor who is "injured by any willful violation of [the automatic stay] … shall recover actual damages, including costs and attorneys' fees and, in appropriate circumstances, may recover punitive damages."

A "willful" violation of the automatic stay occurs when the debtor shows, by a preponderance of the evidence, that: (1) a violation of the stay occurred; (2) the creditor had knowledge of the bankruptcy case when acting; and (3) the violation caused actual damages. *In re Aleckna*, 543 B.R. 717, 720 (Bankr. M.D. Pa. 2016) (citations omitted). "Willfulness does not require that the creditor intend to violate the automatic stay provision, rather it requires that the acts which violate the stay be intentional." *In re Lansdale Family Rests., Inc.*, 977 F.2d 826, 829 (3d Cir. 1992) (citing *In re University Medical Center*, 973 F.2d 1065, 1087–88 (3d Cir. 1992)).

5

Case 5:19-ap-00097-RNO    Doc 16    Filed 03/26/20    Entered 03/26/20 14:51:59    Desc
Main Document    Page 5 of 10

In its Answer, Summary Judgment Motion, and Brief in Support of the Motion for Summary Judgment, Defendant's main argument is that it did not have knowledge of Plaintiff's bankruptcy case when it filed the State Court Complaint. As stated above in *Aleckna*, "knowledge" is one of three requirements necessary to find a willful violation of the automatic stay. 543 B.R. at 720. Defendant argues that because the knowledge requirement is not satisfied, it is entitled to judgment as a matter of law.

To support its lack of knowledge defense, Defendant provides that: (1) Plaintiff listed the 1000 Northbrook address in his bankruptcy schedules when it should have listed the 335 Commerce address; (2) Defendant relocated its headquarters from 1000 Northbrook to 335 Commerce in May of 2016; (3) in April of 2016, Defendant informed USPS to forward all mail from 1000 Northbrook to 335 Commerce for a period of 1 year; (4) after April of 2017, Defendant did not and still cannot receive mail at 1000 Northbrook; (5) any mail sent to 1000 Northbrook after April of 2017 should have been returned to sender as undeliverable; (6) Plaintiff should have received multiple mailings returned as undeliverable; (7) the State Court Complaint, the Note, and multiple statements of account related to the Note, which were sent to Plaintiff, all display the 335 Commerce address; (8) the first time Defendant received notice of Plaintiff's bankruptcy was when it was served with the Adversary Complaint; and (9) upon receipt of service of the Adversary Complaint, Defendant immediately withdrew the State Court Complaint on September 13, 2019. Defendant supports its argument with multiple affidavits and other evidence. The Court finds Defendant has satisfied its initial burden, and now the burden shifts to Plaintiff to prove that there is a genuine issue for trial.

In his Brief in Opposition to the Motion for Summary Judgment, Plaintiff claims that: (1) Plaintiff listed Defendant in its schedules with the 1000 Northbrook address; (2) the Commencement Notice and Discharge Notice were both sent to 1000 Northbrook; (3) Plaintiff had no knowledge of Defendant's relocation; (4) Defendant's own website still lists 1000

6

Northbrook as a branch; (5) Defendant's credit report as of December of 2018 still lists its address as 1000 Northbrook; (6) Plaintiff never received any undelivered mail addressed to Defendant; (7) the docket in Plaintiff's main bankruptcy case does not evidence any undelivered mail; (8) Plaintiff made a good faith effort to list Defendant's address correctly; (9) Defendant did not do its due diligence in performing a reasonable investigation into whether Plaintiff had filed for bankruptcy; (10) Plaintiff served the Adversary Complaint on Defendant at both 1000 Northbrook and 335 Commerce; and (11) regardless of whether notices were sent to 1000 Northbrook or 335 Commerce, Defendant received notice of Plaintiff's bankruptcy case before it filed the State Court Complaint. Plaintiff supports his claims with an affidavit and other evidence.

It is undisputed that virtually all notices related to Plaintiff's main bankruptcy case were mailed to Defendant at 1000 Northbrook. Defendant alleges that service of the Adversary Complaint on Defendant at 335 Commerce was the first time Defendant received notice of Plaintiff's main bankruptcy case. Even though it still has a branch at 1000 Northbrook, Defendant argues that it has not received mail at that location since April of 2017. In sum, Defendant is claiming that, prior to filing the State Court Complaint, it never received any of the bankruptcy notices sent to 1000 Northbrook and it did not receive notice of Plaintiff's bankruptcy through any other means. Immediately upon being served with the Adversary Complaint, Defendant withdrew the State Court Complaint with prejudice.

Plaintiff argues that Defendant received one or all of these notices because the 1000 Northbrook address, which Plaintiff listed in his schedules, is listed on the Defendant's own website and credit report. Additionally, Plaintiff claims that he never received any undeliverable mail which was sent to the 1000 Northbrook address. In sum, Plaintiff is arguing that Defendant received some notice of his bankruptcy case prior to filing the State Court Complaint.

7

Defendant further argues that it is entitled to summary judgment due to the "mailbox rule" and the fact that Plaintiff scheduled Defendant's address incorrectly. *See* Mot. for Summ. J. Mem. of L. at 6-9, 5:19-ap-00097-RNO, ECF No. 9-22. However, both of these arguments require the Court to weigh evidence. This is improper at the summary judgment stage.

There is a material factual dispute as to whether Defendant received notice of Plaintiff's bankruptcy case prior to filing the State Court Complaint. At the summary judgment stage of a proceeding, the court is not supposed to weigh evidence but is supposed to determine if there is a genuine issue for trial. Drawing all inferences in the light most favorable to the non-moving party, the Court finds that there is a genuine dispute of material fact and denies Defendant's Summary Judgment Motion as to the § 362 violation claim in the Adversary Complaint. The Court will now analyze Defendant's Summary Judgment Motion as to the § 727 violation claim in the Adversary Complaint.

### C. Alleged Discharge Injunction Violation.

The Adversary Complaint also alleges that Defendant violated the discharge injunction imposed by §§ 727 and 524 via its continued pursuit of the State Court Action post-discharge. Defendant denies this allegation.

When a Chapter 7 debtor successfully completes his or her bankruptcy case, the bankruptcy court typically enters a discharge order releasing the debtor from personal liability for most pre-bankruptcy debts. *See* 11 U.S.C. § 727. The bankruptcy discharge:

> operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt [discharged under § 727] as a personal liability of the debtor, whether or not discharge of such debt is waived.

11 U.S.C. § 524(a)(2). The discharge injunction may be violated by an act to collect a discharged debt or an act that has the practical effect of coercing payment of a discharged debt. *See In re Paul*, 534 F.3d 1303, 1308 (10th Cir. 2008) (citations omitted); *see also In re Pratt*, 462 F.3d 14,

19 (1st Cir. 2006) (citations omitted). "To find a violation of the discharge injunction, clear and convincing evidence must show (1) a valid order of the court existed; (2) the defendant had knowledge of the order; and, (3) the defendant disobeyed the order." *In re Lienhard*, 498 B.R. 443, 453 (Bankr. M.D. Pa. 2013) (citations omitted).

While § 524 provides that a discharge operates as a permanent injunction, it does not explicitly set forth a substantive right to remedy a discharge injunction violation. *See In re Iskric*, 496 B.R. 355, 363 (Bankr. M.D. Pa. 2013). To fill this gap, courts have implemented § 105 in conjunction with § 524 to enforce and remedy violations of the discharge injunction through civil contempt proceedings. *In re Paul*, 534 F.3d at 1306-07 (citations omitted). Section 105 provides, in part, "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). If the debtor establishes that contemptuous conduct occurred, a bankruptcy court may sanction the bad actor. *In re Bentley*, 607 B.R. 889, 894 (Bankr. E.D. Ky. 2019) (citation omitted).

On June 3, 2019, the Supreme Court delivered an opinion which provided the criteria necessary for determining when a court may hold a creditor in civil contempt for attempting to collect a debt that was immunized from collection by a discharge order. *See Taggart v. Lorenzen*, 139 S. Ct. 1795, 1799 (2019). The Supreme Court concluded that:

> a court may hold a creditor in civil contempt for violating a discharge order if there is *no fair ground of doubt* as to whether the order barred the creditor's conduct. In other words, civil contempt may be appropriate if there is no objectively reasonable basis for concluding that the creditor's conduct might be lawful.

*Id.* (emphasis in the original). The standard for evaluating civil contempt, thus, is an objective one. *Id.* at 1804. "[A] party's subjective belief that she was complying with an order ordinarily will not insulate her from civil contempt if that belief was objectively unreasonable." *Id.* at 1802.

Defendant again argues that it did not have knowledge of the discharge order and therefore did not violate the discharge injunction as a matter of law. As the Court found in

9

Section III.B., *supra*, whether or not Defendant had knowledge of Plaintiff's bankruptcy case is an outstanding, genuine issue of material fact. This includes whether Defendant had knowledge of Plaintiff's discharge order.

Since knowledge again is one of three requirements necessary to find a violation of the discharge injunction,[3] the Court must deny Defendant's Summary Judgment Motion as to the §§ 727 and 524 violation claims in the Adversary Complaint. Additionally, because no violation of the discharge injunction has been established yet, the Court need not undergo a *Taggart* "no fair ground of doubt" analysis.

**IV.    CONCLUSION**

The Summary Judgment Motion is denied. Judgment will be entered consistent with this Opinion.

Dated: March 26, 2020                              By the Court,

_（signature）_
Robert N. Opel, II, Bankruptcy Judge (BI)

---

[3]    *See Lienhard*, 498 B.R. at 453.